UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: THOMAS W. GRAFTON and                              Chapter 13
PATRICIA M. GRAFTON, Debtors                     CASE NO. 09-13239-DWH

## OPINION

On consideration before the court is whether the Chapter 13 plan filed by the above captioned debtors, Thomas W. Grafton and Patricia M. Grafton, should be confirmed; an objection to confirmation of the plan having been filed by Joann Grafton Warren, (hereinafter "Warren"), the former wife of the debtor, Thomas W. Grafton, (hereinafter "Grafton"); and the court, having heard and considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core contested proceeding as defined in 28 U.S.C. §157(b)(2)(A) and (L).

II.

Grafton and Warren were divorced pursuant to a decree entered in the Chancery Court of Jones County, Mississippi, Second Judicial District, Cause No. 98-0330. In that proceeding, Grafton executed a Bankruptcy Exemption on April 19, 1999, concerning the financial obligation that he owed to Warren. This agreement provided the following, to-wit:

> The obligations as cited in the Property Settlement Agreement in the above styled and numbered cause owing by Thomas W. Grafton to Joann Sellers Grafton will be paid regardless of the filing of a petition for voluntary or involuntary bankruptcy. The undersigned will renew the obligation through amended court

orders or other such necessary documents to prevent discharge of said debts or delay in payment of the same.

Grafton filed a previous bankruptcy case in the United States Bankruptcy Court for the Southern District of Mississippi, Cause No. 01-52400-ERG. In Adversary Proceeding No. 01-05193-ERG, the court determined that the obligation owed by Grafton to Warren, resulting from the divorce proceeding, was a non-dischargeable debt pursuant to 11 U.S.C. §523(a)(5)[1]. The decision effectively established that the indebtedness was in the nature of spousal support since it was expressly premised on §523(a)(5) rather than §523(a)(15), the Bankruptcy Code section that applied to non-support or purely property settlement obligations. The decision now has collateral estoppel and/or res judicata effect on the proceeding currently before this court. *See, In re Hood,* 2009 WL 1649717 (Bankr. N.D. Miss. 2009); *In re Dickerson,* 372 B.R. 827 (Bankr. N.D. Miss. 2007); and *In re Milton,* 355 B.R. 575 (Bankr. N.D. Miss. 2006).

As set forth in Grafton's current bankruptcy schedules, the debt owed to Warren is now in the sum of $233,400.00. In his Chapter 13 plan, Grafton proposes to pay Warren as a "special claimant" only 2% of her claim during the 60 month plan period, while recognizing at the same time that the claim is a non-dischargeable debt. Grafton classifies the obligation owed to Warren as an unsecured non-priority debt, when, in fact, because of the non-dischargeability ruling in Grafton's previous bankruptcy case pursuant to §523(a)(5), this claim enjoys priority status pursuant to §507(a)(1)(A).

On Grafton's Schedule I, he lists his average monthly income, which he earns from his services as an emergency room physician, as $12,485.00. On his Schedule J, he lists his average

---

[1] Hereinafter, all Code sections will be considered as sections of the United States Bankruptcy Code unless expressly designated otherwise.

2

monthly expenses as $10,435.55, leaving a monthly net income in the sum of $2,049.45.

Grafton's current spouse apparently has no income.

Although the court will not list all of the debts that Grafton proposes to pay through his Chapter 13 plan, the following significant obligations are noted:

1. A first mortgage loan payment to BAC Home Loans Servicing, secured by Grafton's house and 10 acres of real property, which requires a regular monthly payment in the sum of $2,921.85, plus an arrearage payment of $438.27 per month on an arrearage of $26,296.58.

2. A mortgage payment to Litton Loan Servicing, secured by a rental property, which requires a regular monthly payment in the sum of $785.10, plus an arrearage payment of $84.76 per month on an arrearage of $5,085.91.

3. A mortgage payment to Regions Mortgage, secured by an additional 10 acres of real property, which requires a regular monthly payment in the sum of $411.10, plus an arrearage payment of $87.00 per month on an arrearage of $5,220.00.

4. An automobile loan payment to Capitol One Auto, secured by a 2007 Ford F-150 truck, having a regular monthly payment in the sum of $598.66 on a total indebtedness of $30,233.38.

5. An automobile loan payment to Capitol One Auto, secured by a 2007 Mountaineer, having a regular monthly payment in the sum of $548.88 on a total indebtedness of $27,719.47.

6. A second mortgage loan payment to Community Bank, secured by Grafton's house and 10 acres, plus the additional 10 acre tract, with a proposed direct payment of interest only on an indebtedness in the total sum of $105,321.53.

7. A payment in an undisclosed amount to PHEAA for a student loan obligation in the total sum of $87,797.86.

8. A payment in an undisclosed amount to Sallie Mae Servicing for a student loan obligation in the total sum of $60,952.00.

9. A 2% distribution to unsecured creditors, excluding Warren, whose debts total approximately $146,017.96.

Obviously, because of the substantial amount of secured debts, there is only marginal income to pay other creditors. Whether this debt structure was undertaken deliberately is unknown to the court. Regardless, this case has all the characteristics of a secured debt "overload" in order to avoid paying creditors that the debtor simply does not want to pay.

The court observes that the rental property owned by Grafton requires a debt service of $869.86 per month ($785.10 plus $84.76), while generating only $781.00 per month in rental income. There are perhaps other expenses related to this rental property such as ad valorem taxes, repairs, maintenance, and/or replacements.

Grafton has also acquired an additional 10 acres of property which could perhaps be adjacent to his house and the 10 acres on which it is located. This additional 10 acre parcel requires a total monthly payment of $498.10 ($411.10 plus $87.00), plus an undetermined portion of the indebtedness that is owed to Community Bank. There is no indication that this 10 acres generates any rental income or revenue.

The Graftons also own two 2007 vehicles which are encumbered by debts totaling $57,952.85 ($30,233.38 plus $27,719.47).

### III.

As mentioned hereinabove, the court is of the opinion that Grafton has misclassified the debt that he owes to Warren as an unsecured non-priority obligation. Because of the non-dischargeability decision rendered in his previous bankruptcy case, which must be given collateral estoppel effect, this debt is now a priority claim in his current bankruptcy case as contemplated by §507(a)(1)(A), as amended by the Bankruptcy Abuse Prevention Consumer Protection Act of 2005 (BAPCPA). Section 1322(a)(2), states that a Chapter 13 plan shall

provide for the full payment, in deferred cash payments, of all claims entitled to a priority under §507 unless the holder of a particular claim agrees to a different treatment of such claim. Consequently, in order to obtain confirmation of his Chapter 13 plan, Grafton would have to pay Warren the full payment of her claim in deferred cash payments because she obviously has not consented to something less.

Section 1325(a)(3) provides that a Chapter 13 plan, before it can be confirmed, must be proposed in good faith and not by any means forbidden by law. Warren has advised this court that she is currently 74 years of age and is a cancer survivor. Grafton's plan, as presented, would pay Warren only a nominal sum for the next five years. Considering the totality of the circumstances of this bankruptcy case, the court finds this proposal to be unconscionable. Therefore, in the alternative, the court concludes that Grafton's plan does not pass the test of §1325(a)(3) in that it is not proposed in good faith. *See, Matter of Ramirez*, 204 F.3d 595 (5th Cir. 2000); *In re Aichler*, 182 B.R. 19 (Bankr. S.D. Tex. 1995); and *Collier on Bankruptcy*, ¶ 301.17[3].

In summary, the Chapter 13 plan proposed by the Graftons cannot be confirmed. The Graftons will be afforded an opportunity to amend their plan within a period of 30 days in order to meet the requirements of §1322(a)(2) and §1325(a)(3). If they cannot do so, their bankruptcy case will be dismissed.

An order, sustaining Warren's objection to confirmation, and permitting the Graftons a period of 30 days to amend their proposed Chapter 13 plan will be entered contemporaneously with this opinion.

This the 21st day of December, 2009.

                                    /s/ David W. Houston, III
                                    DAVID W. HOUSTON, III
                                    UNITED STATES BANKRUPTCY JUDGE